UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ROBERT M. NOLAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-03779-JRS-MPB |
| | ) | |
| MARK SEVIER, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Dismissing Petition for a Writ of Habeas Corpus**

Petitioner Robert M. Nolan filed this 28 U.S.C. § 2254 petition challenging his 2010 convictions for rape, child molesting, and child seduction. For the reasons below, Mr. Nolan's petition is dismissed as untimely.

**I. Background**

The Indiana Court of Appeals summarized the evidence against Mr. Nolan:

Nolan and Shannon Nolan (Mother) were married in 2001. Mother had three minor daughters from a prior marriage, K.F.D., M.D., and K.D. Nolan and Mother had a biological daughter, M.C.D. The family lived in Ohio until the end of 2004 and then moved to Floyd County, Indiana.

Nolan was a chiropractor and Mother was a nurse. The children were often in Nolan's care while Mother worked. Mother had no reservations about leaving her children with Nolan. Nolan took [K.F.D.] on fishing trips alone, and [K.F.D.] periodically worked at Nolan's office.

In 2005, M.D. moved out of the bedroom she shared with K.F.D., who was thirteen years old at the time. Nolan began fondling K.F.D.'s body, touching her breasts and genitals, and kissing her. Nolan complimented K.F.D.'s body, told K.F.D. that he loved her, and said that he wished he could have married her instead of Mother.

Nolan told K.F.D. about oral sex and taught her how to perform oral sex. On January 1, 2008, Nolan took K.F.D. to her room and the two performed oral sex on each other. On February 14, 2008, Nolan asked K.F.D. to perform oral sex on him while in K.F.D.'s bedroom and ejaculated in her mouth. The degree of sexual activity escalated as Nolan told K.F.D. that he wanted to have intercourse with her as well. Sometime between November 2008 to March 2009, Nolan and K.F.D. were

1

in her bedroom. K.F.D.'s pants were off and Nolan began grabbing her knees. K.F.D. refused but Nolan insisted that he wanted to have intercourse. Nolan managed to slightly penetrate K.F.D.'s vagina. K.F.D. told Nolan that it hurt and Nolan expressed surprise.

K.F.D. was confused about her feelings toward Nolan. Although she believed that Nolan loved her as a girlfriend, K.F.D. considered him to be her stepfather. K.F.D. wrote a letter to Nolan beginning with, "[g]ood morning my love. I wanted to let you know that I love you with all my heart." The letter ended with K.F.D.'s good wishes for an upcoming fishing trip. K.F.D. also gave a birthday card to Nolan in 2007 stating that "I love you with all my heart." Prior to May 2009, K.F.D. wrote a letter to Nolan describing her feelings toward him. In the letter, K.F.D. stated that "[w]hat has happened should have never happened and it needs to stop. I think I am just as guilty as you. Even when I knew it was wrong and it hurt, I still let it go [ ... ]. I know that this is wrong and that's why you wanted it kept a secret."

On May 20, 2009, Mother filed a petition for legal separation against Nolan. Later that evening, Mother was alone with K.F.D. and M.D. Mother asked them what they thought. K.F.D. revealed her sexual activities with Nolan. Mother listened until Nolan returned, then sent K.F.D. to her room. After greeting Nolan, Mother returned to K.F.D.'s room and listened to further details. K.F.D. indicated that she was reluctant to come forward for fear of breaking up the family. Mother locked K.F.D. in her room and confronted Nolan who denied the allegations. That same day Mother called the police. Officer Jason Kerber of the Floyd County Police Department (Officer Kerber) responded and Mother informed him that Nolan had molested K.F.D. since she was a child. K.F.D. told Officer Kerber that she felt guilt and had not revealed the allegations in order to preserve the family. Detective Jeff Firkins of the Floyd County Police Department (Detective Firkins) interviewed Nolan at the police station. Again, Nolan denied the allegations. A forensic interviewer met with K.F.D., K.D., and M.D. K.F.D. repeated her allegations against Nolan.

*Nolan v. State*, 2012 WL 456537, at *1−2 (Ind. Ct. App. Feb. 14, 2012) ("*Nolan I*") (record citations omitted).

The jury convicted Mr. Nolan of rape, child molesting, and two counts of child seduction. *Id.* at *2. The trial court ordered consecutive sentences on each count, with an aggregate sentence of 30 years, of which 8 years were suspended. *Id.*

Mr. Nolan appealed, raising evidentiary issues and arguing that his sentence was inappropriate. Dkt. 5-3. The Indiana Court of Appeals affirmed. *Nolan I*, 2012 WL 456537, at *9. On April 10, 2012, the Indiana Supreme Court denied leave to transfer. Dkt. 5-2 at 8.

On January 27, 2014, Mr. Nolan filed a petition for post-conviction relief in Indiana state court. Dkt. 11-15 at 10. His petition alleged ineffective assistance of trial and appellate counsel, as well as a claim for a new trial based on newly discovered evidence. *Id.* at 11−13. Following a hearing, the trial court denied relief. Dkt. 12 at 48−57. The Indiana Court of Appeals affirmed. *Nolan v. State*, 2018 WL 3029018, at *11 (Ind. Ct. App. June 19, 2018) ("*Nolan II*"). And on October 25, 2018, the Indiana Supreme Court denied transfer. Dkt. 5-9 at 10.

On September 5, 2019, Mr. Nolan filed a § 2254 petition in this Court, alleging that

(1) trial counsel was ineffective for not allowing Mr. Nolan to testify;

(2) newly discovered evidence warrants reversal of his convictions;

(3) the prosecution suppressed exculpatory evidence;

(4) the prosecutor suborned perjury and committed other misconduct at trial;

(5) he was improperly given aggregate and enhanced sentences; and

(6) trial counsel was ineffective on various other grounds.

*Id.* at 5−14.

## II. Applicable Law

Ordinarily, a person in custody pursuant to a state court conviction has one year from the date his conviction became final "by the conclusion of direct review or the expiration of the time for seeking such review" to file a timely § 2254 petition. 28 U.S.C. § 2244(d)(1)(A). But where the factual basis of a claim was not discovered before the conviction became final, a petitioner has one year from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). No matter the triggering date, the limitation period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

## III. Discussion

### A. Statutory Limitation Period

Mr. Nolan asserts that § 2244(d)(1)(D) provides the trigger date here because the factual predicates of his claims were not discovered until January 27, 2014, when he filed his post-conviction petition in state court. Dkt. 8 at 2. But Mr. Nolan does not identify the late-discovered factual predicates of his claims or show that he diligently pursued them from the date his conviction became final through the date he filed his post-conviction petition. Accordingly, § 2244(d)(1)(A), not § 2244(d)(1)(D), provides the relevant trigger date.

Applying § 2244(d)(1)(A), the Court looks to the conclusion of Mr. Nolan's direct review. The Indiana Supreme Court denied his direct appeal petition to transfer on April 10, 2012. His conviction thus became final on July 9, 2012, the deadline for filing a petition for writ of certiorari in the United States Supreme Court. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). The limitation period expired one year later, on July 9, 2013. Mr. Nolan's post-conviction proceedings did not toll the limitation period because they began after the year had expired. And Mr. Nolan did not file his § 2254 petition until September 5, 2019, long after the deadline had passed.

The following chart summarizes the relevant dates:

| Conviction Final | July 9, 2012 | 365 days left in limitation period |
| Federal Habeas Petition Due | July 9, 2013 | 0 days left in limitation period |
| State Post-Conviction Filed | January 27, 2014 | 202 days beyond limitation period |
| Federal Habeas Petition Filed | September 5, 2019 | 2,249 days beyond limitation period |

Mr. Nolan's petition is therefore untimely under 28 U.S.C. § 2244(d)(1)(A).

### B. Equitable Tolling

Mr. Nolan alleges he is innocent and argues that the Court should therefore excuse his untimely petition. An untimely petition may indeed be excused if the petitioner makes a "gateway" showing of innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 394−97 (2013). To make the required showing, Mr. Nolan must point to "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence," which, when considered with the full record, makes it "more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Gladney v. Pollard*, 799 F.3d 889, 896 (7th Cir. 2015) (cleaned up). He has failed to meet this high bar.

Mr. Nolan's claim of innocence rests mainly on evidence produced at trial—evidence that is not nearly as exculpatory as Mr. Nolan believes it to be. But he does point, albeit indirectly, at some new evidence. He refers the Court to his proposed findings of fact from his state post-conviction proceedings, which he describes as "158 pages of evidence not heard by the jury." Dkt. 8 at 9. Mr. Nolan's description is not remotely accurate. Most of the 158 pages are devoted to rehashing trial evidence. But the document does identify three bits of "newly discovered evidence":

(1) witness Shea Leffler's phone records and affidavit that could have been used to impeach a rebuttal witness;

(2) an unverified handwritten "receipt" produced by Mr. Nolan's father purportedly undermining K.F.D.'s timeline of events as to the child molesting charge; and

(3) hospital records documenting K.F.D.'s mother's discharge on January 1, 2008, purportedly undermining K.F.D.'s timeline of events as to one of the child seduction charges.

Dkt. 11-15 at 248; dkt. 12 at 3−4.

Ms. Leffler's phone records and affidavit have minimal probative value. Ms. Leffler testified at trial that sometime in the fall of 2009, after Mr. Nolan's arrest, K.F.D. and K.F.D.'s

5

mother intimated to her that they fabricated the accusations against Mr. Nolan. Dkt. 11-6 at 167−68. Ms. Leffler further testified that she called the police several months later to report this conversation and eventually spoke with Detective Powell. *Id.* at 179−80. Detective Firkins testified on rebuttal that Ms. Leffler spoke with him and told him only that K.F.D.'s mother was dating other people during her marriage to Mr. Nolan. *Id.* at 193. On post-conviction review, Mr. Nolan introduced phone records and an affidavit from Ms. Leffler purportedly showing she spoke with Detective Powell and not Detective Firkins. Dkt. 11-18 at 48−49.

At most, the phone records and affidavit impeach Detective Firkins's testimony, which in turn only impeached Ms. Leffler's. And a reasonable juror could still have discredited Ms. Leffler on other grounds. For example, Ms. Leffler testified that she was not friends with Mr. Nolan at the time of her alleged conversation with D.F.K. and D.F.K.'s mother. Dkt. 11-6 at 171−72. But she did have his cell phone number in her own phone, and she reported the conversation to Mr. Nolan immediately after it occurred. *Id.* at 174−75. According to Ms. Leffler, she had Mr. Nolan's cell phone as part of a "patient-doctor relationship." *Id.* at 176.

Mr. Nolan's other evidence is even less helpful to his claim. He asserts that the receipt provided by his father shows that he could not have molested K.F.D. before she was 14 years old.[1] The chain of inferences Mr. Nolan links to reach that result is tenuous, but we need not follow it because the "receipt" is no more than a handwritten note on a sheet apparently torn from a legal pad. Dkt. 11-18 at 50. This unsubstantiated hearsay is not the kind of reliable evidence that could support a gateway claim of innocence. *Gladney*, 799 F.3d at 896.

---

[1] As relevant to Mr. Nolan's conviction, "child molesting" occurs when "[a] person who, with a child under fourteen (14) years of age, performs or submits to any fondling or touching, of either the child or the older person, with intent to arouse or to satisfy the sexual desires of either the child or the older person." Ind. Code § 35-42-4-3 (2005).

Finally, Mr. Nolan points to hospital records showing that K.F.D.'s mother was released following surgery on January 1, 2008, at 1:50 p.m. K.F.D. testified at trial that she and Mr. Nolan performed oral sex on each other on January 1, 2008, while her mother was "still in the hospital." Dkt. 11-6 at 51; *see also id.* at 80. Mr. Nolan asserts that the hospital records impeach K.F.D.'s testimony about January 1, 2008, and "cast[] doubt on her entire testimony." Dkt. 12 at 4. But K.F.D. did not specify the time of day she and Mr. Nolan performed oral sex on each other, and there is no evidence that it could not have occurred before 1:50 p.m.

In short, Mr. Nolan has provided no new, reliable evidence persuasive enough to make it more likely than not that no reasonable juror would find him guilty. Equitable tolling therefore does not apply, and Mr. Nolan's petition must be **denied** as untimely.

## IV. Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, the petitioner must obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies a petition on procedural grounds, the petitioner must also show that reasonable jurists could disagree about the court's procedural ruling. *Peterson v. Douma*, 751 F.3d 524, 530−31 (7th Cir. 2014).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." No reasonable jurist could dispute that Mr. Nolan's petition is barred by § 2244(d)'s limitation period. Therefore, a certificate of appealability is **denied**.

## V. Conclusion

Mr. Nolan's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **denied**, and a certificate of appealability shall not issue.

Final Judgment in accordance with this decision shall issue.

**IT IS SO ORDERED.**

Date: 3/5/2020

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ROBERT M. NOLAN
209686
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Jesse R. Drum
INDIANA ATTORNEY GENERAL
jesse.drum@atg.in.gov